PER CURIAM.
This disciplinary proceeding by The Florida Bar against John Errol Lee, a member of The Florida Bar, is presently before us on complaint of The Florida Bar and report of referee. Pursuant to article XI, Rule 11.06(9)(b) of the Integration Rule of The Florida Bar, the referee’s report and record were duly filed with this Court. No petition for review pursuant to Integration Rule of The Florida Bar 11.09(1) has been filed.
Having considered the pleadings and evidence, the referee found as follows:
1. As to Count I:
Respondent has violated Disciplinary Rule 6-101(A)(3) and 5-103(A) of the Code of Professional Responsibility and Rule 11.02(4) of the Integration Rule of The Florida Bar, in, respectively, incompetently representing his client, the Ad-ministratrix, acquiring a propietary [sic] interest adverse to his client, the Admin-istratrix, in property intrusted to him and failing to keep and maintain funds belonging to his client, the Administratrix, in an identifiable trust account and applying the same for the purpose for which they were intended.
2. As to Count II:
Respondent has violated Disciplinary Rule 6-101(A)(3) and 1-102(A)(4), (5) and (6) of the Code of Professional Responsibility and Rule 11.02(3) of the Integration Rule of The Florida Bar, in that he failed to deliver her Will to his client after she had paid Respondent’s fees and had executed said Will.
3. As to Count III:
Respondent has violated Disciplinary Rule 6-101(A)(3) of the Code of Professional Responsibility and Rule 11.02(3) of *170 the Integration Rule of The Florida Bar by gross neglect as a result of which his client was jailed; Respondent failed to communicate critical information to his client(s) and made it impossible for them to communicate with him.
4. As to Count IV:
Respondent has violated Disciplinary Rule 9-102(A), (B)(4) of the Code of Professional Responsibility and Rule 11.02(4) of the Integration Rule of The Florida Bar, in that he failed to keep, maintain and return upon demand, his client’s funds, given him to be deposited into his trust account with reference to a real estate purchase.
5. As to Count V:
Respondent has violated Disciplinary Rule 1-102(A)(4) and (6) of the Code of Professional Responsibility of The Florida Bar by obtaining thousands of dollars of his employee’s monies upon agreement to return same in one (1) week, but he failed so to do.
The referee recommends that respondent be found guilty of misconduct justifying disciplinary measures and recommends that respondent be disbarred from the practice of law in the State of Florida.
Having carefully reviewed the record, we approve the findings and recommendations of the referee.
Accordingly, respondent, John Errol Lee, is hereby disbarred from the practice of law in the State of Florida effective immediately-
Costs in the amount of $569.90 are hereby taxed against respondent.
It is so ordered.
ADKINS, Acting C. J., and BOYD, OVERTON, ENGLAND and McDONALD, JJ., concur.