PER CURIAM.
This disciplinary proceeding is before the Court on the complaint of the Florida Bar, the report of a referee, and the petition of the Florida Bar for review. Art. V, § 15, Fla.Const.; Fla.Bar Integr. R., art. XI, Rule 11.09.
The respondent neither appeared at the referee’s hearing, answered the Bar’s complaint, nor responded to the petition for review. We are satisfied he received proper notice, however.
The complaint was in three counts. As to the first, the referee found respondent undertook to represent a decedent’s estate. He received funds from the sale of an asset of the estate. In respondent’s trust account the funds were used to meet expenses unrelated to the estate and were not restored. Respondent closed his office and left Florida without advising the personal representative of the estate, without withdrawing as attorney for the estate, and without resigning as resident agent for the estate. He never completed the administration of the estate. The referee found that respondent neglected a legal matter entrusted to him, in violation of Disciplinary Rule 6-101(A)(3); failed to carry out a contract for professional services, in violation of Disciplinary Rule 7-101(A)(2); and applied money entrusted to him to an unauthorized purpose, in violation of Integration Rule, article XI, Rule 11.02(4).
Count two also involved an estate. The referee found that respondent undertook representation and was paid a fee of $350.00. After filing the petition for administration, the respondent performed no further services. He closed his office and left the state without notifying the personal representative. The referee found neglect of an entrusted legal matter, in violation of Disciplinary Rule 6-101(A)(3), and failure to carry out a contract for professional services in violation of Disciplinary Rule 7 — 101(A)(2).
With regard to count three, the referee found that respondent undertook to represent a corporation in pursuing a monetary claim against a bank. The client paid $500 as a portion of an agreed fee. Respondent filed a legal action which was dismissed with an allowance of ten days in which to file an amended complaint. Respondent failed to file an amended complaint and the action was dismissed with prejudice. He failed to advise the client of his withdrawal or the necessity to file an amended complaint. Nor did he return documents the client would need to avoid dismissal with prejudice. Although not finding that the dismissal with prejudice barred the actual claim, the referee found that respondent handled a legal matter without preparation in violation of Disciplinary Rule 6— 101(A)(2); neglected a legal matter entrusted to him in violation of Disciplinary Rule 6--101(A)(3); failed to carry out a contract for services in violation of Disciplinary Rule 7-101(A)(2); and failed to notify the client and deliver papers to which the client was entitled in violation of Disciplinary Rule 2-110(A)(2).
We adopt the factual findings of the referee. The referee recommended that respondent be suspended for one year and until he proves rehabilitation and pays res *1029 titution and costs. The Bar’s petition for review points out that after the referee’s report was filed, respondent was disbarred in an unrelated disciplinary proceeding. The Florida Bar v. Lee, 396 So.2d 169 (Fla.1981). We therefore extend from three to four years the period respondent must wait from the date of disbarment before seeking reinstatement. Fla.Bar Integr. R., art. XI, Rule 11.10(5). The recommended condition of restitution of amounts found due by the referee is approved as a prerequisite to reinstatement. The costs of this proceeding are assessed against the respondent in the amount of $755.20.
It is so ordered.
SUNDBERG, C. J., and BOYD, OVER-TON, ALDERMAN and McDONALD, JJ., concur.